### ROY BROCKMAN v. STATE.

No. A-4549.   Opinion Filed Nov. 15, 1924.
(230 Pac. 282.)

(Syllabus.)

**Continuance—Refusal Because of Absent Witness not Abuse of Discretion.** Under all the circumstances shown, the trial court did not abuse his discretion in refusing to grant a continuance.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

Roy Brockman was convicted of the illegal possession of intoxicating liquor, and appeals. Affirmed.

C. R. Reeves, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. Roy Brockman was convicted in the county court of Comanche county of the illegal possession of intoxicating liquor, with his punishment fixed at confinement in the county jail for a period of 30 days, and to pay a fine of $200.

This conviction rests upon the testimony of officers who saw the defendant drive an automobile to a place in Lawton. He had several bottles with him, on the seat by his side, and some of these he passed to some soldier boys who had just then approached the car. This constituted such violation of the law in the presence of the officers as to justify his arrest without a warrant, and a seizure of this and other liquor there found in the car.

The defendant did not take the witness stand in his own behalf, but did produce witnesses who testified that he had the reputation of being a law-abiding citizen. In his brief defendant claims the prosecution was framed; that he went to the assistance of the other occupants of the car and helped them to get the car started and then drove the car to the point where he was arrested, at their request. He complains that an absent witness, a Mrs. Kempstead, would have given testimony in support of this claim; that on May 18, 1922, he caused a praecipe for a subpoena for Mrs. Kempstead to be filed, requiring her attendance in court on May 21st, and that the subpoena was returned not served; that she was temporarily absent from the county.

We think the defendant was guilty of laches in not applying for a subpoena earlier. Moreover, there was no positive showing of the actual issuance of the subpoena, and the return of the officer thereon, except the statement made in the application for a continuance. The facts set out in the application for a continuance, if true, could probably have been established by the defendant himself, or by his codefendants. Under all the circumstances shown, the trial court did not abuse his discretion in refusing to grant the continuance.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.